1:18MJ4097-JDG

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

A F F I D A V I T

I, Kris White, having been duly sworn according to law, deposes and states:

1.   I am an employee of the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), within the meaning of Section 878(a) of Title 21, United States Code, that is, an officer who is empowered by law to conduct investigations, make arrests, execute search warrants, and seize property in connection with violations of Title 18, United States Code and Title 21, United States Code. I am a Special Agent (SA) for the DEA, and have been so employed since March 2010. I have been assigned to the Cleveland District Office in Cleveland, Ohio, since December 2017.

**TRAINING AND EXPERIENCE**

2.   I received specialized training at the DEA Training Academy in Quantico, Virginia, regarding the identification of narcotic controlled substances and the operation of drug trafficking organizations.  I have also been involved in the investigation of numerous individuals and organizations involved in the manufacturing, distribution, and use of controlled substances. As a Special Agent, I have participated in the preparation of affidavits in support of numerous search, seizure and arrest warrants for violations of federal drug laws contained in Title 21, United States Code, as well as in the execution of the same.  In addition, I have, on numerous occasions, made seizures of contraband, conveyances, currency, drug paraphernalia, and firearms possessed or used in relation to violations of Title 21, United States Code, Section 841.  I have successfully conducted numerous investigations that have resulted in the arrest of numerous drug traffickers and the seizure of significant quantities of drugs and drug-related proceeds.  I have

further conducted surveillance operations of drug traffickers, and have interviewed numerous persons personally involved in drug trafficking. I have also supervised numerous confidential sources during controlled purchases of narcotics. Through this training and experience, I have become familiar with, and have gained a thorough understanding of, the methods, manner, and means used by individuals engaged in the unlawful manufacturing, trafficking, and use of controlled substances.

## BASIS OF INFORMATION

3. Except as otherwise noted, the information set forth in this Affidavit has been provided to me by agents and/or officers of the Drug Enforcement Administration (DEA), or other law enforcement officers. Unless otherwise noted, whenever in this Affidavit I assert that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read and reviewed. Likewise, any information pertaining to vehicles and/or registrations, personal data on subjects and record checks has been obtained through the Law Enforcement Automated Data System (LEADS), the State of Ohio or the National Crime Information Center (NCIC), the Ohio Law Enforcement Gateway (OHLEG) computer system, and other known public database computer systems, by members herein described.

4. Since this Affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the foundation for the issuance of the complaint and arrest warrant.

## FACTS AND CIRCUMSTANCES REGARDING PROBABLE CAUSE

### Traffic Stop on April 22, 2018

5. On or about April 22, 2018, at approximately 10:05 p.m., Lorain Police K-9 Officer Jamie Ball, in a marked patrol vehicle, observed a white Jeep Cherokee, bearing Ohio license plate number GUM-8309, at about the intersection of Reid Avenue and West 8th Street. This intersection is controlled by stop signs in all directions. Officer Ball observed the Jeep, while it was travelling north on Reid Avenue, stop at or before the limit line of the stop sign to the south of the intersection while signaling its intention to turn West onto West 8th Street. Notably, a pedestrian was then in the crosswalk to the West of the intersection, blocking the Jeep's path. Instead of waiting at or before the limit line for the pedestrian to clear, the Jeep moved forward to obstruct the pedestrian crosswalk to the South of the intersection. Obstructing a pedestrian crosswalk is a violation of Lorain City Ordinance 331.33. Additionally, as the Jeep turned West, Officer Ball observed that the window tint on the front driver-side window appeared to be darker than permitted under Ohio Revised Code 4513.241, and the rules promulgated from that section. Based on these violations of law, Officer Ball initiated a traffic stop of the Jeep approximately a bock later at about the intersection of West 8th Street and Lovett Place.

6. After graduating with a bachelor's degree in Criminal Justice, Officer Ball briefly worked for the Transportation Security Administration as a Hazardous Materials Supervisor, where his training and experience included the detection, identification, and seizure of controlled substances on individuals and luggage. For the past seven years, Officer Ball has worked as a law enforcement officer with the Lorain City Police. He received basic narcotics training and the Cleveland Heights Police Academy. He also completed field training, which included

identifying and locating controlled substances on individuals and secreted in various locations. He later complete canine-officer handling academy, where he learned to utilize a canine to assist him in identify and locating controlled substances and individuals. He has located controlled substances on individual persons approximately 400 to 500 times in his career. He has, on approximately 200 to 300 individual instances, smelled a scent that he later confirmed to be burn marijuana. He has made or participated in over 1,000 traffic stops for violations of law.

7. After the traffic stop was completed, Officer Ball approached the Jeep. The driver and sole-occupant, later identified by his driver license as MARCO ANTONIO SERRANO ("SERRANO"), rolled down the front driver-side window of the vehicle. Officer Ball immediately smelled the scent of burnt marijuana. Officer Ball's canine companion, Titan, was then in his patrol car. Officer Ball decided to initiate an investigation into the source of the burned marijuana by deploying Titan and searching the vehicle. In preparation to conduct his investigation, Officer Ball removed SERRANO from the Jeep and patted him down for officer safety. Officer Ball felt an unusual bulge of suspected narcotics in SERRANO's groin-area. Officer Ball removed a softball-sized bag of approximately four and a half ounces of suspected cocaine from inside SERRANO's pants. SERRANO was later read his rights under <u>Miranda</u> and acknowledged that he understood those rights. SERRANO was asked what the substance in the bag was and he admitted that it was cocaine.

## CONCLUSION

8. I, Special Agent Kris White, Drug Enforcement Administration, being duly sworn according to law, deposes, and states that the facts stated in the foregoing Affidavit are true and correct to the best of his knowledge, information, and belief.

9. Based on my training, experience and the facts set forth in this Affidavit, I believe

that there is probable cause to believe that MARCO ANTONIO SERRANO did knowingly and intentionally possess with the intent to distribute cocaine, a schedule II controlled substance, in violation of Title 21, U.S.C., Section 841(a)(1) and (b)(1)(C).

*[signature]*
Kris White
Special Agent
Drug Enforcement Administration

This affidavit was sworn to by the affiant, who did no more than attest to its contents pursuant to Crim. R. 4.1(b)(2)(A), by telephone after a PDF was transmitted by email, per Crim R. 4.1.

*[signature]*
JONATHAN D. GREENBERG
United States Magistrate Judge

05-16-18
Date

1356
Time