UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-cr-365 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MARCO ANTONIO SERRANO, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On December 3, 2019, defendant Marco Antonio Serrano ("Serrano" or "defendant") was sentenced to a custody term of 151 months, following his guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Doc. No. 31 (Judgment)); *see* Minutes of Proceedings [non-document], 12/3/2019; Doc. No. 26 (Plea Agreement); *see also* Doc. No. 18 (Information).) Now before the Court is Serrano's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 70 (Motion).) Appointed counsel filed a notice of intent not to file a supplement (Doc. No. 71 (Notice)), and plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 72 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*,

560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

The basis for Serrano's motion is unclear. According to Serrano, "[p]ursant to the recent changes made under Amendment 821 of the sentencing guidelines," he is "now eligible for a reduction of sentence based on the fact that Amendment 821 now takes away the two additional criminal history points" that he believes were assessed at sentencing. (Doc. No. 70, at 2.[1]) The government opposes the motion because Serrano was determined to be a career offender, for which Amendment 821 is inapplicable, and because Serrano received no "status points" at sentencing. (Doc. No. 72, at 1, 3.)

Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). Part B of the Amendment creates a new U.S.S.G. § 4C1.1 that permits a two-level reduction for certain offenders with zero criminal history points.[2] U.S.S.G. § 4C1.1. The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

[2] Specifically, § 4C1.1 allows for the two-level downward adjustment provided the offender meets *all* of the following criteria: (1) the defendant did not receive any criminal history points; (2) the defendant did not receive an adjustment under § 3A1.4; (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1; (9) the defendant did not receive an adjustment under § 3A1.1; and (10) the defendant did not receive an adjustment under § 3B1.1 (aggravating role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. *See* § 4C1.1(a)(1)–(10).

2

At the time of sentencing, the Court determined Serrano's base offense level to be 16. (*See* Doc. No. 44 (Transcript from Sentencing Hearing), at 3; *see also* Doc. No. 28 (Final PSR), at 5 ¶ 20.) The Court, however, also determined Serrano to be a career offender, increasing his base offense level to 32. (*See* Doc. No. 44, at 3; *see also* Doc. No. 28, at 5 ¶ 26.) A three-level deduction was applied for acceptance of responsibility, making the total offense level 29. (*See* Doc. No. 44, at 3–4; *see also* Doc. No. 28, at 6 ¶¶ 27–29.) Serrano had prior convictions for felonious assault with a firearm specification, trafficking in heroin, domestic violence, and attempted felonious, which collectively scored 7 criminal history points. (*See also* Doc. No. 28, at 11–12 ¶¶ 54, 56, 58–60.) He received no "status points" because he was not determined to be under a criminal justice sentence at the time of the present federal offense. With a total of 7 criminal history points, the guidelines dictated that he was a criminal history category IV. (*See also* Doc. No. 28, at 12 ¶ 61.) Because Serrano was a career offender, however, his criminal history category was automatically a category VI. (*See* Doc. No. 44, at 4; *see also* Doc. No. 28, at 13 ¶ 62.) The advisory guideline range at offense level 29, criminal history category VI, was 151 to 188 months. (*See* Doc. No. 44, at 4; *see also* Doc. No. 28, at 18 ¶ 91.) The Court sentenced Serrano to a low-end guideline custody term of 151 months. (Doc. No. 31; *see* Doc. No. 44, at 24.)

Amendment 821 affords Serrano no relief. First, he does not qualify under Part B as a "zero point offender" because he had 7 criminal history points at the time of sentencing. (*See also* Doc. No. 28, at 12 ¶ 60.) Second, Serrano does not qualify for a reduction of "status points" under Part A of the Amendment because he received no status points at sentencing. And, in any event, by virtue of his status as a career offender, Serrano's criminal history category automatically is VI, and his advisory sentencing guideline range remains 151 to 188 months. Because his guideline

3

range is undisturbed by the Amendment, he is ineligible for a reduction under Part A or Part B of Amendment 821. *See United States v. Cook*, 870 F.3d 464, 470 (6th Cir. 2017) (recognizing that Sixth Circuit "precedent clearly establishes that a defendant is not eligible for a sentence reduction when the defendant's initial sentence was based on his or her status as a career offender" (citation omitted)); *see, e.g., United States v. Braden*, 643 F. App'x 531, 535 (6th Cir. 2016) (holding that defendant, a career offender, was not eligible for a sentence reduction because the relevant amendment did not lower his applicable guideline range (citations omitted)).

Because the amended guidelines would not have affected the calculation of Serrano's sentence, he is, therefore, ineligible for a reduction based on application of Amendment 821. Further, because Serrano is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 70) is DENIED.

**IT IS SO ORDERED**.

Dated: June 6, 2024

                                                       **HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**